IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MELISSA ELAINE WEBSTER, #174952**                                          **PETITIONER**

**VERSUS**                                          **CAUSE NO. 1:12-CV-353-LG-JMR**

**CHRISTOPHER B. EPPS**                                          **RESPONDENT**

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Melissa Elaine Webster, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**I. Background**

Petitioner states that she pled guilty to exploitation of a vulnerable adult in the Circuit Court of Jackson County, Pascagoula, Mississippi. Pet. [1] at 1. She received a ten year sentence on March 29, 2012. *Id.* Petitioner argues as grounds for habeas relief the following:

> Ground 1 - Ineffective assistance of counsel;
> Ground 2 - Violation of Sixth Amendment right to counsel;
> Ground 3 - Unreasonable search and seizure;
> Ground 4 - Petitioner suffered actual prejudice during sentencing phase.

*Id.* at 5, 7-8, 9. Petitioner states that on October 5, 2012, she filed with the Circuit Court of Jackson County a motion for post-conviction relief asserting the same grounds as presented in the instant habeas petition. *Id.* at 3.

This Court entered an order [4] on December 10, 2012, pointing out that it appeared to this Court that Petitioner has not exhausted her state court remedies

as required to pursue a petition for habeas relief in this Court. Petitioner was directed by that order [4] to file a response providing information that she had exhausted her state court remedies. Petitioner filed a response [5] on December 26, 2012.

**II. Analysis**

After reviewing Petitioner's petition for habeas corpus relief and response [1 & 5] and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). In order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). As a general matter, a habeas petition is dismissed when the petitioner has not exhausted her claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

Petitioner states in her response [5] that she has pending before the Circuit Court of Jackson County a motion for post-conviction relief. As a result, this Court has determined that Petitioner has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c). Because Petitioner has not exhausted her available state court remedies through the Mississippi Post-Conviction Collateral Relief Act,

this Court will dismiss the instant request for habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A) and (c).

**III. Conclusion**

Petitioner's request for habeas relief is dismissed without prejudice based on her failure to exhaust her state court remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order of Dismissal will be issued this date.

**SO ORDERED AND ADJUDGED** this the 14th day of January, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE